## Nick et al. v. McMullen et al.

*Franklin B. Hosbach*, for mechanic's lien claimant.
*English, Quinn, Leemhuis & Tayntor*, for mortgagees.

BOUTON, P. J., forty-eighth judicial district, specially presiding, December 12, 1931.—Kathryn N. McMullen and H. E. McMullen, being the owners of certain real estate, gave a bond and mortgage to the plaintiffs in the sum of $2400. This mortgage was dated September 16, 1929, and was recorded on the same day. The Ellsworth Lumber Company furnished certain materials for the alteration and repair of a building situated on said premises and filed a mechanic's lien, in which it stated that the materials furnished were for the alteration and repair of the building. This lien was filed on November 9, 1929. The notice of the filing served upon the owner did not give the court, term and number at which the lien was filed, as provided by statute. [Act of June 4, 1901, P. L. 431, Sec. 21, as amended by the Act of April 5, 1917, P. L. 42, Sec. 1.] Neither the mortgage nor the mechanic's lien was paid. Judgment was entered on the bond in January, 1929, and the property sold at sheriff's sale in February, 1929. The Ellsworth Lumber Company claims the money derived from the sale, and the plaintiffs claim it by virtue of their mortgage. The plaintiffs, by virtue of an order of this court, intervened in the mechanic's lien claim as parties defendant and made a motion to strike off the lien, chiefly for the reason that the notice of the filing thereof was not in accordance with the act of assembly. The fund derived from the sale was paid into court and is now for distribution.

The lien having been filed for materials furnished for the alteration and repair of the building took effect as of the date of its filing, to wit, November 9, 1929, and was, therefore, subject to the lien of the mortgage, which was recorded September 16, 1929. The Ellsworth Lumber Company claims the fund,

for the reason that the alteration and repair of the building was of such a nature as to make it an original construction; but we are of the opinion that it, having filed its lien for alterations and repairs, cannot now, after the plaintiff in the mortgage has proceeded thereon and has had the property sold at sheriff's sale, be heard to dispute the fact that the lien was for alterations and repairs and set up that the materials furnished were furnished in an original construction. A motion was made to strike off the lien for the reason that the notice of the filing was not in accordance with the statute, and a rule to show cause was granted thereon. The notice of the filing of the lien did not give the court, number and term to which it was filed, and the lien was, therefore, invalid: Nagle v. Lehigh Sængerbund, 14 Dist. R. 472; Compton v. Sankey, 13 Dist. R. 535.

And now, to wit, December 12, 1931, the rule to strike off the lien is made absolute and the lien stricken off, and it is ordered that the money in court, less poundage, be paid to the plaintiffs, E. W. Nick and V. V. Veenschoten.